UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVARON MORRIS,

    Plaintiff,

v.

CASE NO. 16-12555
HONORABLE JOHN CORBETT O'MEARA

THE CITY OF DETROIT,
THE CITY OF SOUTHFIELD.
THE MICHIGAN POLICE,
and OTHER POLICE BUREAUS,

    Defendants.
_____/

## ORDER OF DISMISSAL

### I. Introduction

Plaintiff Lavaron Morris, a state prisoner at the Michigan Reformatory in Ionia, Michigan, recently filed a *pro se* civil rights complaint. The defendants named in the caption of Plaintiff's complaint are the City of Detroit, the City of Southfield, the Michigan Police, and other unnamed police bureaus. In the complaint itself, Plaintiff appears to name additional parties, including police officers Woolfolk, Maynard, and Skelton of the Detroit Police Department, the Southfield Police Department, FBI detectives, and immigration and naturalization officers. Because Plaintiff is suing both state and federal officials for alleged violations of his civil rights, the Court construes his complaint as one brought under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which is the federal analog to a suit brought against state officials under § 1983.

The complaint and exhibits allege that Plaintiff was arrested without a warrant on December 15, 1988, and subsequently held for five days before being arraigned or given a probable-cause hearing.  Plaintiff claims that he was interrogated repeatedly by law enforcement officers from both state and federal agencies during those five days and that he was not permitted to speak with an attorney.  Plaintiff also appears to allege that he was deprived of food, a mattress, and access to a bathroom during his detention and that the prolonged detention led to a coerced confession.  He seeks money damages.

## II.  Legal Standard

Pursuant to the Prison Litigation Reform Act of 1996, federal district courts must screen a prisoner's complaint and dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief."  *Jones v. Bock*, 549 U.S. 199, 215 (2007).  While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations

omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.  Analysis

Plaintiff's complaint is frivolous and fails to state a claim because it challenges pretrial procedures which apparently led to Plaintiff's confession and subsequent conviction on unspecified charges. To the extent Plaintiff is attacking his conviction and present confinement, his sole remedy is a habeas corpus petition, following exhaustion of state remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 499 n. 15, 500 (1973).

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)(footnote omitted)(emphasis in original). *Heck* and progeny,

> taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

3

Plaintiff has not alleged that his conviction was reversed or invalidated by state officials or called into question by a federal court's issuance of the writ of habeas corpus. And to the extent Plaintiff is alleging that his confession led to his conviction and that the confession should have been suppressed because it was coerced by the delay in his arraignment, success in this action would necessarily demonstrate the invalidity of Plaintiff's conviction and imprisonment. Therefore, Plaintiff's challenge to the pretrial procedures in his criminal case is not cognizable in this civil rights action. *Heck*, 512 U.S. at 487.

Although Plaintiff also appears to be challenging the living conditions in jail during the five days before his arraignment, his arrest and confinement in jail occurred in 1988. In Michigan, the statute of limitations for civil rights suits filed under § 1983 is three years. *McCune v. Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986)( *per curiam).* The "limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996) (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991)). And, as of April 1, 1994, the statute of limitations is not tolled for incarceration. *See* Mich. Comp. Laws § 600.5851(9).

Plaintiff filed his complaint in 2016, years after the three-year statute of limitations expired, even assuming that the statute was tolled during the first several years of his

imprisonment. Consequently, Plaintiff's challenge to the conditions of confinement in jail in 1988 is untimely.[1]

### IV. Conclusion

Plaintiff's complaint lacks an arguable basis in law and, therefore, is frivolous. The complaint also fails to state a plausible claim for which relief may be granted. The Court therefore dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The dismissal under *Heck* is without prejudice to Plaintiff's right to renew his claim if he succeeds in getting state or federal officials to invalidate his conviction or sentence. *Jiron v. Lakewood*, 392 F.3d 410, 413 n. 1 (10th Cir. 2004); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). The dismissal of the issue about the conditions of confinement in jail is with prejudice. Additionally, the Court certifies that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Date: August 23, 2016                                s/John Corbett O'Meara
                                                     United States District Judge

---

[1] The Court recognizes that the statute of limitations is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). The Supreme Court, however, stated in *Jones v. Bock,* 549 U.S. at 215, that, "[i]f the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim*.*" *See also Watson v. Wayne County*, 90 F. App'x 814, 815 (6th Cir. 2004) (stating that a district court may *sua sponte* raise a statute-of-limitations issue when the defense is apparent on the face of the pleading) (citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir. 1995)); *Scruggs v. Jones,* 86 F. App'x 916, 917 (6th Cir. 2004) (affirming the district court's *sua sponte* dismissal of a prisoner's civil rights complaint on statute-of-limitations grounds); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) (stating that, "[w]hen a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate") (citing *Pino*, 49 F.3d at 53-54).