UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVARON MORRIS,

       Plaintiff,

                                        CASE NO. 16-cv-12555
v.                                   HONORABLE JOHN CORBETT O'MEARA

THE CITY OF DETROIT,
THE CITY OF SOUTHFIELD.
THE MICHIGAN POLICE,
and OTHER POLICE BUREAUS,

       Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT OR FOR RECONSIDERATION OF THE COURT'S ORDER OF DISMISSAL

### I.  Introduction

Plaintiff Lavaron Morris, a state prisoner at the Michigan Reformatory in Ionia, Michigan, has moved to amend his *pro se* civil rights complaint or for reconsideration of the Court's order summarily dismissing the complaint.  The complaint and exhibits alleged that Plaintiff was arrested without a warrant on December 15, 1988, and then held for five days before he was given a probable-cause hearing.  Plaintiff claimed that he was interrogated repeatedly by law enforcement officers from state and federal agencies during those five days and that he was not permitted to speak with an attorney.  Plaintiff also appeared to allege that he was deprived of food, a mattress, and access to a bathroom during his detention.  He claimed that the prolonged detention led to a coerced confession.

On August 23, 2016, the Court summarily dismissed the complaint because Plaintiff was challenging pretrial procedures that led to his confession and subsequent conviction.  The Court stated that, to the extent Plaintiff was attacking his conviction and present confinement, his sole remedy was a habeas corpus petition.  The Court added that Plaintiff was not entitled to money damages or equitable relief unless and until he could show that his conviction had been invalidated by state officials or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.  As for Plaintiff's challenge to the living conditions he experienced in jail, the Court determined that the statute of limitations for those claims had expired.

Plaintiff now seeks reconsideration of the Court's ruling and permission "to fix [his] complaint."  Mot. at 1, ECF No. 8, Pg ID 59.  Plaintiff maintains that his constitutional rights were violated during his pretrial detention.  He appears to want this Court to issue a declaratory judgment stating that the City of Detroit has not complied with a 2003 consent decree in which the City agreed to improve the conditions of confinement in its jails and to end its practice of coercing confessions and detaining suspects for extended periods of time before holding a probable cause hearing.  Plaintiff also seeks to have the Court appoint a special panel to deal with the City's practices and policies on arrests, interrogations, and detention of suspects.

## II.  Discussion

To prevail on a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case."  LR 7.1(h)(3) E.D. Mich. July 1,

2013).  Plaintiff has failed to show that the Court's order dismissing his complaint contains a palpable defect.

As for Plaintiff's request to fix his complaint, the Court notes that motions to amend must be freely granted only "when justice so requires."  Fed. R. Civ. P. 15(a)(2). "[W]here a plaintiff seeks to amend his complaint after an adverse judgment, he must 'meet the requirements for reopening a case established by Rules 59 or 60.' "  *Moncier v. Jones*, 557 F. App'x 407, 410 (6th Cir. 2014) (quoting *Leisure Caviar, LLC v. U.S. Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010)).  A motion for leave to amend should be denied if the amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff has not filed a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60.  And an amendment would be futile because Plaintiff relies on a class action lawsuit to which he was not a party and a consent decree allegedly entered by another judge in this District.  He has no standing to seek enforcement of a consent decree to which he was not a party, *Blue Chips Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975), and this Court has no authority to enforce a consent decree that remains under the continuing jurisdiction of another district court, *Hirsch v. Wells Fargo Bank, N.A.*, No. 1:13-cv-01489, 2014 WL 903119, at *3 (N.D. Ohio Mar. 7, 2014) (unpublished).  District courts only have jurisdiction to enforce their own consent decrees.  *See Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir. 1976) (stating that "courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them").

Furthermore, to the extent Plaintiff continues to challenge his arrest and conviction, his claims are not cognizable in this civil rights action.  *Wilkinson v. Dotson*,

3

544 U.S. 74, 81-82 (2005); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  As for his complaint about the conditions of confinement he endured in a Detroit jail prior to his 1988 conviction, the statute of limitations appears to have expired on those claims.

For all the reasons given above, the Court denies Plaintiff's motion for leave to amend his complaint or for reconsideration of the Court's dismissal of his complaint (ECF No. 8).

Date: March 8, 2017                          s/John Corbett O'Meara
                                             United States District Judge


I hereby certify that on March 8, 2017 a copy of this order was served upon the parties of record using the ECF system, and/or first-class U.S. mail.

                                             s/William Barkholz
                                             Case Manager

4